UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

REBECCA CHESSER )
)
V. ) NO. 2:12-CV-214
)
CAROLYN W. COLVIN, )
Commissioner of Social Security )

REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge under the standing orders of the Court for a report and recommendation regarding the Motion [Doc. 24] as amended [Doc. 30] for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U. S.C. § 2412(d)(1)(A). The defendant does not object to the amounts sought. However, the Commissioner does take issue with the request that the amounts sought be paid directly to the plaintiff's attorney. The Commissioner originally objected to that on two grounds. The first was that no assignment of the fees and costs from the plaintiff to her counsel accompanied the Motion. This was remedied with the filing of the Amended Motion [Doc. 30]. Second, the Commissioner asserts that while she will eventually evaluate whether to honor the assignment and pay the amounts directly to plaintiff's counsel, the Court must, pursuant to *Astrue v. Ratliff,* 560 U.S. 586 (2010), order the EAJA fees paid to the plaintiff so that the United States may determine if there is any preexisting debt owed to it by the plaintiff to which the fees may be applied.

The plaintiff's case was recently remanded by the District Judge to the defendant for further administrative review. While this fact makes plaintiff entitled to fees under the EAJA, attorney fees under the Social Security Act itself can only be awarded if the plaintiff

is ultimately awarded benefits. Should the plaintiff be awarded past due benefits, counsel will be required to refund whichever fee is smaller; either the fee under the EAJA, or the fee under the Social Security Act.

In order to be entitled to an award of attorney fees and expenses under the Equal Access to Justice Act, all of the conditions set forth in 28 U.S.C. § 2412(d)(1)(A), (B) must be met. These are that:

(1) the party seeking the fees is the "prevailing party" in a civil action brought by or against the U.S.,

(2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action,

(3) the position of the government is not substantially justified and

(4) no special circumstances make an award unjust.

The Magistrate Judge finds that all of these factors are met in this case.

An affidavit of the hours expended by plaintiff's counsel and the costs incurred has been submitted. The Commissioner does not oppose the requested attorney fee of $7,608.90, or the costs of $855.00. The undersigned finds both amounts to be reasonable.

Plaintiff's counsel has requested that the EAJA attorney fees and costs be paid directly to him by virtue of the assignment from plaintiff. The assignment, dated April 11, 2012, in the record as Doc. 30-1, provides that the fees be paid to Mr. Darnell.

In a previous order [Doc. 29], the Court invited the plaintiff to address the argument of the Commissioner to the effect that under *Ratliff*, *supra*, the sums must be paid directly to the plaintiff. In the amendment to the Motion, the plaintiff did not discuss the effect of *Ratliff*, or the Commissioner's argument in this regard.

2

This Court finds that the Commissioner is correct. *See generally, Ratliff, supra*; and *Bryant v. Comm'r of Soc. Sec.,* 578 F.3d 443, 448-49 (6th Cir. 2009) which stated "[L]ike the Fourth, Tenth, and Eleventh Circuits, we are persuaded by the plain language of the EAJA and conclude that the prevailing party, and not her attorney, is the proper recipient of attorney fees under the EAJA." The Commissioner has stated that once fees are awarded to the plaintiff, it will determine if there are amounts owing to the United States by the plaintiff, and if not, determine whether or not to honor the plaintiff's assignment to her counsel. The Court presumes that once it approves the award of fees and costs to the plaintiff, the inquiry will be promptly made of the Treasury Department as to whether any such indebtedness to the United States exists, and whether it will honor the assignment to counsel.

It is recommended that the plaintiff's Motion be GRANTED, and that **plaintiff** be awarded EAJA fees in the amount of $7,608.90, and costs in the amount of $855.00.[1]

Respectfully recommended:

  s/ Clifton L. Corker
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947-950 (6th Cir. 1981); 28 U.S.C. § 636(b)(1)(B) and (C).